OPINION
{¶ 1} Defendant-appellant Richard Allen Schmidt, Sr. appeals his sentence entered in the Stark County Court of Common Pleas on one count of Failure to Comply with an Order or Signal of a Police Officer.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 3} In June, 2003, Appellant was indicted on one count of Failure to Comply with an Order or Signal of a Police Officer, in violation of R.C. 2921.331(B), a third degree felony.
 {¶ 4} On August 11, 2003, Appellant entered a plea of guilty to the charge as contained in the indictment. The trial court ordered a pre-sentence investigation.
 {¶ 5} On September 15, 2003, the trial court sentenced Appellant to a community control sanction for a period of three (3) years.
 {¶ 6} As part of this sanction, Appellant was placed on Intensive Supervision Probation for one year. Appellant was also ordered to perform 200 hours of community service; to submit to random drug and alcohol monitoring; to obtain and maintain full time, verifiable employment; to have no contact with his son and namesake; to not possess or consume alcohol or drugs; and to not be present at any bar, tavern, or other establishment, the primary purpose of which is to sell alcohol. Appellant's driver's license was also suspended for six months.
 {¶ 7} The court also notified Appellant that it would impose a four-year prison term if he were to violate the terms and conditions of his probation that resulted in the revocation of the community control sanction. Appellant did not appeal this sentence.
 {¶ 8} Four months after being sentenced, Appellant faced the revocation of his community control sanction via a motion to revoke or modify probation filed by his ISP officer. After apparently appearing for the probable cause hearing, Appellant inexplicably left and failed to appear for the hearing. The trial court noted Appellant's flight, and issued a warrant for his arrest.
 {¶ 9} One year later, Appellant was arrested on this warrant and appeared before the trial court. The court ascertained that Appellant had seen the ISP motion that listed his alleged violations. According to the motion to revoke probation, Appellant committed four violations:
 {¶ 10} "The Defendant violated Rule #14 of his/her probation by not following all rules and regulations of treatment facilities or programs of any type in which he or she is placed or ordered to attend while under the jurisdiction of the Court, and/or the Department of Rehabilitation and Correction. TheDefendant has not been in compliance with the CD Program at StarkCounty Day Reporting.
 {¶ 11} "The Defendant violated Rule #16A by failing to perform 200 hours of community service under the direction of his probation officer. The Defendant has not performed communityservice as ordered.
 {¶ 12} "The Defendant has violated Rule #16D by failing to obtain and maintain verifiable full-time employment. TheDefendant has not had steady work.
 {¶ 13} "The Defendant violated Rule #16H by failing to abstain from all alcoholic beverages and drugs during his probation term. The Defendant tested Positive for Cocaine on1-12-04 1-26-04 and has not been honest about use." (State v.Schmidt, Stark County Court of Common Pleas Case No. 2003-CR-0698, Motion to Revoke Probation or Modify Former Order (filed Jan. 29, 2004) (emphasis in original)).
 {¶ 14} At the eventual revocation hearing, Appellant agreed to stipulate to these violations. Before doing so, the court warned Appellant that if he stipulated to the violations, the court was prepared to revoke the community control sanction and impose the four-year prison term. Appellant nonetheless agreed to stipulate to the violations. The trial court proceeded to revoke the community control sanction and imposed the promised four-year prison term. After sentence was pronounced, Appellant explained to the court that he relapsed after being sober for 64 months due to his mother's death. He also offered that he has never had a chance at an inpatient treatment program.
 {¶ 15} Appellant has now filed this delayed appeal, pursuant to App. R. 5(A), from the revocation of his community control sanction and the imposition of a four-year prison term.
 {¶ 16} Appellant assigns the following sole error for review:
 ASSIGNMENT OF ERROR {¶ 17} "I. THE TRIAL COURT VIOLATED THE STATUTORY SENTENCING GUIDELINES IN TERMINATING THE DEFENDANT'S COMMUNITY CONTROL AND SENTENCING HIM TO PRISON FOR FOUR YEARS."
 I. {¶ 18} In his sole assignment of error, appellant asserts the trial court erred in terminating his community control sanction and imposing a four year prison term.
 {¶ 19} Subsequent to the filing of the briefs in this matter, the Supreme Court of Ohio issued its decision in State v.Foster, ___ Ohio St.3d ___, 2006-Ohio-856. Pertinent to this appeal, the Foster court held R.C. 2929.14(B) and (C), R.C.2929.19(B)(2), R.C. 2929.14(E)(4) and R.C. 2929.41(A), requiring "judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant" and/or consecutive sentences violates the principles announced by the United States Supreme Court inBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2nd 403 and is therefore unconstitutional. Id. at ¶ 83. TheFoster court severed the statutes, and concluded
 {¶ 20} "* * * trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 21} Accordingly, Blakely applies to Ohio's sentencing guidelines, and in accordance with the directives of the Foster
court, we grant this assignment of error and vacate the sentence herein. The matter is remanded to the trial court for re-sentencing pursuant to Foster.
 {¶ 22} We reverse and remand the matter as to appellant's sentence in accordance with the law and this opinion.
By: Boggins, J. Sheila G. Farmer, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, we affirm appellant's conviction in the Stark County Court of Common Pleas, and we reverse appellant's sentence. We remand the matter to the trial court for re-sentencing in accordance with the law and our opinion. Costs to be divided equally.